

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
Max.Gershenoff@rivkin.com

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

July 10, 2023

**VIA ECF**

The Honorable Jennifer H. Rearden
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

By **July 14, 2023**, the Datta Defendants shall file a letter informing the Court if they wish to (1) file a response to this letter, or (2) stand on their arguments presented in the parties' May 12, 2023 letter (*see* ECF No. 36 at 4-5). If they wish to file a response to this letter, they must do so by **July 18, 2023**.

SO ORDERED.

*/s/ Jennifer H. Rearden*

Jennifer H. Rearden, U.S.D.J.
Date: July 11, 2023

Re:  *Government Employees Insurance Co., et al. v Datta, et al.*
     Case No.: 1:22-cv-10531-JHR

Dear Judge Rearden:

As the Court may recall, we represent Plaintiffs in the above-referenced action. We write to respectfully request that the Court enter a scheduling order and allow the parties to begin the process of fact discovery in this case. In this context, all parties – except Defendants Datta, Datta Endoscopic, Garden State Neuro, Saddle Brook Anesthesia, and Saddle Brook ASC (collectively the "Datta Defendants") – consented to the entry of the proposed scheduling order that is attached at ECF No. 36 as Exhibit 1.

By way of background, this case commenced nearly eight months ago, and all parties were properly served by January 5, 2023. Though the Datta Defendants (but not any of the other Defendants) have made a partial motion to dismiss or transfer venue, the motion to dismiss or transfer venue does not weigh in favor of a stay of discovery. For example, the pendency of a dispositive motion is not, in itself, sufficient ground for a stay of discovery. See State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C., 2007 U.S. Dist. LEXIS 74459 at * 3 (E.D.N.Y. 2007). Further, Courts in this District have declined to stay discovery where – as in the present case – "discovery will largely be the same regardless of how [the court] resolve[s] the Partial MTD." Bennett v. Cuomo, 2023 WL 2021560, at *4 (S.D.N.Y. 2023).

This is relevant in the current case as the Datta Defendants' partial motion to dismiss or transfer venue – in additional to lacking merit as outlined in Plaintiffs' opposition brief at ECF No. 35 – by its own terms does not seek dismissal of Plaintiffs' entire case against the Datta Defendants, and instead only seeks to partially dismiss some, but not all, of Plaintiffs' claims. See ECF No. 34 (seeking to dismiss Plaintiffs' RICO, unjust enrichment, and declaratory judgment claims, as well as to dismiss or transfer venue as to only two of the five Datta Defendants, but not seeking dismissal of Plaintiffs' common law fraud or aiding and abetting fraud claims). Accordingly, even if the Datta Defendants' motion to dismiss had merit – and Plaintiffs contend it does not – the ultimate scope of discovery would remain unchanged because Plaintiffs' common law fraud and aiding and abetting fraud claims arise "out of the same set of operative facts" and will require the same discovery as Plaintiffs' RICO, unjust enrichment, and declaratory judgment claims.

Thus, Plaintiffs respectfully request that the Court enter a scheduling order in this case. We appreciate the Court's attention to this matter.

The Honorable Jennifer H. Rearden
July 10, 2023
Page 2 of 2

                                            Respectfully submitted,
                                            RIVKIN RADLER LLP

                                            *s/ Max Gershenoff*
                                            Max Gershenoff

cc:      Counsel of Record (via ECF)

7614740.v1