

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
Max.Gershenoff@rivkin.com

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

October 11, 2023

The Datta Defendants' application to stay discovery pending disposition of their motion to dismiss is DENIED, for substantially the reasons set forth in Plaintiffs' submissions. See ECF No. 36 at 1-3; see also ECF Nos. 40, 43-44. The parties are directed to proceed with discovery in accordance with the Case Management Plan, which will be entered by separate order.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Date: November 27, 2023

**VIA ECF**
The Honorable Jennifer H. Rearden
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Government Employees Insurance Co., et al. v. Datta, et al.*
Case No.: 1:22-cv-10531-JHR

Dear Judge Rearden:

We represent Plaintiffs in the above-referenced action, and we respectfully request that the Court consider this brief letter in further support of Plaintiffs' request that the Court enter a scheduling order in this case. For the reasons outlined below, Plaintiffs are being prejudiced by the delay in the entry of a case management order in this matter.

By way of background, this case commenced nearly 10 months ago, and all parties were properly served by January 5, 2023. Further, nearly five months have passed since the initial conference was held on May 19, 2023. As the Court may recall, all parties – except Defendants Datta, Datta Endoscopic, Garden State Neuro, Saddle Brook Anesthesia, and Saddle Brook ASC (collectively the "Datta Defendants") – consented to the entry of the proposed scheduling order that is filed at ECF No. 36 as Exhibit 1. However, as a case management order has yet to be entered in this case, the parties have not been able to begin the process of fact discovery.

In this context, it is important to emphasize that the Datta Defendants' partial motion to dismiss does not seek dismissal of Plaintiffs' common law fraud and aiding and abetting fraud claims. Additionally, to the extent that the Datta Defendants seek to transfer venue in the current case, the request is only made as to Defendants Saddle Brook Anesthesia and Saddle Brook ASC, accordingly, even if the Datta Defendants' pending motion to dismiss had merit – and Plaintiffs contend, consistent with numerous court decisions from analogous cases, that it does not – it would not dispose of the entire case. On the contrary, it is undisputed that the vast majority of Plaintiffs' case would remain intact in the Southern District of New York. Finally, and for the Court's reference, Plaintiffs also note that a substantially similar case involving the same defendants as the current case has recently been filed in the Southern District of New York and is currently pending before Judge Halpern. See e.g., *Allstate Insurance Company et al v. Dassa, D.O. et al*, Case No. 7:23-cv-07515-PMH (S.D.N.Y. 2023).

Accordingly, Plaintiffs respectfully request that the Court enter a case management order in this case, in line with the deadlines set forth in the proposed scheduling order that is attached at ECF No. 36 as Exhibit 1, to which all parties – except the Datta Defendants – have consented. For the Court's convenience, Plaintiffs have attached an updated proposed case management order to this letter.

The Honorable Jennifer H. Rearden
October 11, 2023
Page 2 of 2

We appreciate the Court's attention to this matter.

                                                Respectfully submitted,
                                                RIVKIN RADLER LLP

                                                *s/ Max Gershenoff*
                                                Max Gershenoff

cc:     Counsel of Record (via ECF)