# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK



      ----------------------------X
                                   :
      ALLSTATE INSURANCE COMPANY,  :
      et al.,                      :      13-CV-5830 (JFB)(AKT)
                     Plaintiff,    :
                                   :      April 2, 2014
                                   :
                V.                 :      Central Islip, NY
                                   :
      DAVID ZELEFSKY, M.D., et al.,:
                                   :
                     Defendant.    :
      ----------------------------X


             TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
             BEFORE THE HONORABLE JOSEPH F. BIANCO
                    UNITED STATES DISTRICT JUDGE

      APPEARANCES:

      For the Plaintiff:          RICHARD KING, ESQ.
                                  NATHAN TILDEN, ESQ.




      For the Defendant:          E. CHRISTOPHER MURRAY, ESQ.
                                  ANTHONY LICATESI, ESQ.

      Audio Operator:


      Court Transcriber:          ARIA SERVICES, INC.
                                  c/o Elizabeth Barron
                                  102 Sparrow Ridge Road
                                  Carmel, NY 10512
                                  (845) 260-1377



      Proceedings recorded by electronic sound recording,
      transcript produced by transcription service
```

1              MR. KING:  If I may, your Honor.

2              THE COURT:  Sure.

3              MR. KING:  I understand that that is one of

4    the primary concerns about arbitration; it's quick,

5    it's --

6              THE COURT:  There's two concerns.  One is,

7    we're really just talking about -- we're talking about

8    money.  And then you're pointing out I guess there can

9    be inconsistencies that are generated.  But that has to

10   be balanced against the whole purpose of arbitration.

11   You have defenses in each of those arbitrations in

12   terms of fraud, right?  They're all available to you in

13   each of those.

14             MR. KING:  They are, but at the same time,

15   your Honor, with all respect to the arbitration forums,

16   you can't walk into an arbitration that's going to be

17   conducted twenty minutes on the phone and say, we've

18   got all this evidence and we're going to put on a

19   federal RICO case.

20             I think the interests of efficiency and the

21   fact that the Supreme Court and the <u>Lyons</u> court --

22   Judge Gleeson found, you can compel this arbitration.

23   But there's no -- I don't see anywhere even in dicta

24   where it says that arbitration has to be -- it's a

25   constitutional right to a speedy jury trial.  I don't

53

1    the defendants and the entity.

2              MR. LICATESI:  Judge, there's a New York

3    State PJI charge that says that when somebody

4    misrepresents one thing, you can disregard the totality

5    of what they're representing.  So far today, we've

6    shown their misrepresentations in terms of what they

7    brought to this Court, and we'll continue to point that

8    out to the Court.  Under the 12(b) motion to dismiss,

9    we wanted to point out the misrepresentations.

10             With respect to Pacific Indemnity, your

11   Honor, they do have to make a showing of that

12   irreparable harm.  This is a company, an entity that in

13   2009 had a 32-billion-dollar revenue and over the last

14   four quarters, over 34 billion dollars in revenue.  Do

15   we think that the payment of certain claims right now

16   that average less than $1,000 are going to cause

17   Allstate irreparable harm, or would they hurt the

18   healthcare practitioner who is struggling to make a

19   living?  That's the question I leave you with, Judge.

20             THE COURT:  Okay, thank you.

21             First of all, I'm going to rule on the

22   preliminary injunction motion on the record now.  I'm

23   going to deny that motion.  The standard for

24   preliminary injunction is well-settled.  The movant

25   must demonstrate, one, irreparable harm absent

1    injunctive relief, and two, either a likelihood of

2    success on the merits or a serious question going to

3    the merits to make them a fair ground for trial, with

4    the balance of hardships to be decidedly in the

5    plaintiffs' favor.

6              The irreparable harm requirement is not met

7    in this case.  We are dealing with money damages.  All

8    the things that we've discussed that are in the

9    complaint can all be compensated through money damages.

10   To the extent that the irreparable harm articulated is

11   inconsistent -- potential inconsistent results in

12   various arbitration proceedings, I do not believe under

13   the circumstances of this case that that possibility is

14   sufficient to constitute irreparable harm in terms of

15   the issuance of an injunction.

16             In terms of likelihood of success on the

17   merits, I don't believe I have sufficient basis to

18   conclude that requirement at this point.  And as to the

19   issue of serious questions going to the merits to make

20   them a fair ground for trial, assuming that is

21   satisfied here, the balance of hardships I do not think

22   tips decidedly in the plaintiffs' favor, again, when

23   you balance the inconsistent results versus the purpose

24   of arbitration, the contractually agreed-upon

25   arbitration and the substantial delay that would ensue

Case 1:16-cv-02302-JFB-AKT   Document 36-8   Filed 10/07/16   Page 6 of 30 PageID #: 1509

55

1    in that arbitration if the Court were to issue this

2    injunction.  So under the circumstances of this case,

3    I'm denying the injunction.

4           With respect to the motion to dismiss, the

5    Court in its discretion does not have to decide a

6    pending motion to dismiss before giving leave to amend.

7    A request has been made to amend.  As I said, if I were

8    to dismiss the complaint, as a matter of course, I

9    would give them an opportunity to replead.  But there's

10   no requirement that I go through that exercise of

11   analyzing a complaint that they've already decided --

12   they've already told me that they have additional facts

13   that can make some of the issues that we talk about

14   academic in terms of conclusory allegations and things

15   like that.

16          So in my discretion, I'm going to allow them

17   to amend the complaint before I decide and to save

18   costs to the defendants -- I don't want you to have to

19   put in whole new sets of briefs.  So if you believe,

20   which I assume you'll continue to believe that the

21   complaint is defective, you can just put in -- we'll

22   set dates but you can just put in a letter saying, we

23   renew our motion, and then just in the letter -- you

24   don't have to go through all the law again.  You can

25   just state why whatever additional allegations they put