**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
                             .
Allstate Insurance Company,  .  Docket #CV-16-2802 (JFB)(AKT)
et al.,                      .
                             .
         Plaintiffs,         .
                             .  United States Courthouse
            V.               .  Central Islip, New York
                             .  June 5, 2017
Eastern Island Medical       .  2:25 p.m.
Care, P.C., et al.           .
                             .
         Defendants.         .
...........................  .
```

TRANSCRIPT OF TELEPHONIC ORAL RULING
BEFORE THE HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT COURT JUDGE


APPEARANCES:

For The Plaintiffs:            Michael W. Whitcher, Esq.
                               Smith & Brink, PC
                               1205 Franklin Ave.-Ste. 260
                               Garden City, NY 11530

                               Richard D. King, Jr., Esq.
                               Smith & Brink, PC
                               1325 Franklin Ave.-Ste. 320
                               Garden City, NY 11530

For The Defendants:            Steven J. Harfenist, Esq.
                               Harfenist Kraut
(Eastern Island Medical        & Perlstein, LLP
Care, P.C. & Scott             3000 Marcus Ave.-2nd Fl.
Roteman, MD)                   Lake Success, NY 11042

Neil S. Torczyner, Esq.
Harfenist Kraut
& Perlstein, LLP
3000 Marcus Ave.-2nd Fl.
Lake Success, NY 11042

(Dr. Michael Small & Optimum    Anthony J. Licatesi, Esq.
Marketing Corporation)        Rubin & Licatesi, PC
                              591 Stewart Ave.
                              Garden City, NY 11530

                              Alan M. Elis, Esq.
                              Rubin & Licatesi, PC
                              591 Stewart Ave.
                              Garden City, NY 11530

(Gary Stein, Summit Realty     Alan M. Swiedler, Esq.
Holdings, LLC, Luna           Alan M. Swiedler, PC
Management Services, Inc.,    60 East Eighth Street
Vista Billing Services, Inc.) New York, NY 10003

Audio Operator:

Transcribing Firm:            Writer's Cramp, Inc.
                              63 Dakota Drive
                              Hamilton, NJ 08619
                              609-588-8043

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

1          THE CLERK:  Civil cause for an oral ruling in civil

2    16-2802, <u>Allstate against Eastern Island, et al.</u>  Counsel,

3    please state your appearances for the record.

4          MR. WITCHER:  Good afternoon, this is Michael

5    Witcher from Smith & Brink on behalf of the Allstate

6    Plaintiffs.  And I'm joined by Richard King, also of Smith &

7    Brink, on behalf of the Allstate Plaintiffs.

8          MR. HARFENIST:  And you have Steven Harfenist and

9    Neil Torczyner on behalf of Eastern Island and Dr. Scott

10   Roteman.

11         MR. SWIEDLER:  Alan M. Swiedler on behalf of

12   Defendants Luna and Vista, and also Summit Reality and Gary

13   Stein in this action.

14         MR. LICATESI:  Anthony Licatesi and Alan Elis on

15   behalf of Dr. Michael Small and Optimum Marketing.

16         THE COURT:  Okay, good afternoon, this Judge Bianco.

17   As you know I scheduled the conference to place my rulings on

18   the record with respect to the Motion for Preliminary

19   Injunction filed by Plaintiff, as well as the Motion to

20   Dismiss by Luna Management and Vista Billing Services, who

21   I'll refer to jointly as the Luna Defendants, and the Motion

22   to Dismiss filed by Eastern Island Medical Care and Dr. Scott

23   Roteman, who I'll refer to jointly as the Eastern Island

24   Defendants.  I decided to do an oral ruling so as not to delay

25   the case further, but you can order a copy.  It should take

1  about 15 or 20 minutes to read this into the record, and if
2  you want to order a copy of the transcript, you can do so
3  through the Clerk's Office, and then obviously we can address
4  any open issues when I'm done.

5       For reasons that I'll now explain in detail, I'm denying
6  the motions, all the motions in their entirety.  I'm going to
7  start with the Motions to Dismiss.  First with respect to the
8  standard of review for a Motion to Dismiss, it's well settled,
9  I won't belabor the record by stating it in any detail.  I
10 adopt the standard set forth in one of my recent opinions,
11 Harbor Distributing Corp v. GTE Operations Support, Inc., 2016
12 Westlaw 1228615 at page 3 (E.D.N.Y. March 28, 2016).  In
13 particular, on a Rule 12(b)(6) motion, I accept the factual
14 allegations set forth the complaint as true.  I'm drawing all
15 reasonable inferences in the Plaintiff's favor from those
16 allegations and determining whether a plausible claim exists
17 under the Iqbal Twombley standard as articulated by the
18 Supreme Court.  The Eastern Island Defendants raise four
19 issues in support of their Motion to Dismiss.  First, they
20 argue Plaintiff's RICO causes of action fail to state a claim
21 for which relief could be granted.  Second, they argue that
22 the RICO and fraud claims premised upon violations of New
23 York's licensing requirements are barred by res judicata and
24 collateral estoppel.  Third, they state that the RICO and
25 fraud claims fail to the extent they are based on a theory

**1**    2009), <u>Government Employees Insurance Company v. Spectrum</u>

**2**    <u>Neurology Group, LLC</u>, 2016 U.S. District Lexis 19960 at page

**3**    11 (E.D.N.Y. February 17, 2016).

**4**        Finally, on the Motion for Preliminary Injunction, first

**5**    I adopt the standard for preliminary injunction set forth in

**6**    one of my prior decisions, <u>Grout Shield Distributors, LLC v.</u>

**7**    <u>Elio E. Salvo, Inc.</u>, 824 F.Supp.2d 389 (E.D.N.Y. 2011). In

**8**    summary, to prevail on a Preliminary Injunction Motion, a

**9**    party must establish 1) irreparable harm in the absence of the

**10**    injunction and 2) either a) a likelihood of success on the

**11**    merits or b) sufficiently serious questions going to the

**12**    merits to make them a fair ground of litigation and a balance

**13**    of hardships tipping decidedly in the movant's favor. To

**14**    establish irreparable harm, Plaintiff must demonstrate an

**15**    injury that is neither remote nor speculative but actual and

**16**    imminent; that's from <u>Tucker Anthony Realty Corporation v.</u>

**17**    <u>Schlesinger</u>, 88 F.2d 969 at 975 (2d Circuit 1989). And I note

**18**    specifically that a preliminary injunction is not appropriate

**19**    where monetary damages will serve as adequate compensation.

**20**    It's well established in that case and many other cases.

**21**    Plaintiffs request injunctive relief 1) temporarily staying

**22**    while no-fault arbitrations pending between it and Eastern

**23**    Island, 2) temporarily staying future no-fault arbitrations

**24**    initiated by Eastern Island against Allstate and 3)

**25**    temporarily enjoining Eastern Island from filing or initiating

**1**  litigation in State Court relating to patient claims at issue

**2**  in the instant action.  Such relief Plaintiff argues will

**3**  prohibit the risk of inconsistent judgment, increase

**4**  efficiency.  At oral argument Plaintiff acknowledged that if

**5**  the Court denied Defendants' preclusion arguments, which it

**6**  has done, that the Plaintiffs would not satisfy the

**7**  irreparable harm requirement required for injunctive relief,

**8**  and having rejected the preclusion arguments based upon the

**9**  record before the Court, I don't believe that the issues that

**10**  the Plaintiffs are concerned about here that they've raised

**11**  demonstrate any irreparable harm or inconsistencies in

**12**  judgments, and I believe that they can be fully compensated by

**13**  monetary damages.  So for those reasons, I don't believe

**14**  Plaintiffs have met the irreparable harm requirement, and

**15**  therefore I do not address the remainder of the requirements

**16**  with respect to preliminary injunction.

**17**  So for those reasons, Defendants' Motions to Dismiss are

**18**  denied in their entirety and also the Motion for Injunctive

**19**  Relief is denied.

**20**  As I said, obviously this is without prejudice to raise

**21**  any of these various issues at the summary judgment stage,

**22**  once discovery has been complete.  All right, does anyone have

**23**  any issues they need to raise with the Court?  I apologize,

**24**  that took much longer than I thought.

**25**  MR. KING:  This is Richard King for the Plaintiffs.

1    No thank you, Your Honor.

2              MR. HARFENIST:  None for Eastern Island and Dr.

3    Roteman.

4              MR. SWIEDLER:  None for the Luna Defendants.

5              MR. LICATESI:  None for Dr. Michael Small and

6    Optimum Marketing.

7              THE COURT:  Okay, thank you very much, Counsel, have

8    a good day.

9              ALL:  Thank you.

10       (Court adjourned)

11

12                     CERTIFICATION
13   I certify that the foregoing is a correct transcript from the
14   electronic sound recording of the proceedings in the above-
15   entitled matter.
16
17
18   _Lewis Parham_                    7/11/17
19
20   _____        _____
21   Signature of Transcriber              Date