



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/2024

**Michael S. Kivowitz, Esq.**
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
mkivowitz@mblawfirm.com
T: 973-327-6603
F: 973-325-7467

**MEMO ENDORSED (page 2)**

June 18, 2024

**VIA ECF**
Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007

    Re:   *Government Employees Insurance Company, et al. v. Sukdeb Datta, M.D., et al.*
            <u>Case No.: 1:22-cv-10531-JHR</u>

Dear Judge Rearden:

    As the Court is aware, we represent the interests of Defendants Sukdeb Datta, M.D., Datta Endoscopic Surgery & Pain Center, L.L.C., Garden State Neuro Stimulation, L.L.C., Saddle Brook Anesthesia Associates, L.L.C., and Surgistar Holdings, L.L.C. d/b/a Saddle Brook Endoscopic & Orthopedic Surgery Center (collectively, the "Datta Defendants"). Counsel for Plaintiffs Government Employees Insurance Company, *et al* (collectively, "GEICO"), Co-Defendants Gabriel Dassa, D.O. and Dassa Orthopedic Medical Services, P.C. (collectively, the "Dassa Defendants"), Darrin Kalzo, D.C. and Adjust for Life Chiropractic, P.C. (collectively, the "Kaloz Defendants") (collectively, the "Parties"), jointly—with the consent of all parties—respectfully submit this letter-motion requesting a conference with the court this week.

    The Parties jointly submitted a consent order to the Court on June 12, 2024 (the "June 12 Proposed Order") seeking to extend the Parties' deadline for fact discovery from July 26, 2024 to September 11, 2024, and seeking to extend the deadline for expert discovery from September 10, 2024 to November 8, 2024 because discovery remains outstanding. The June 12 Proposed Order was denied.

    After submitting the June 12 Proposed Order, the Datta Defendants engaged in material settlement discussions with Plaintiffs. These discussions are unlikely to conclude prior to the current deposition dates for the Datta Defendants, which have been noticed for June 25, 2024 through June 28, 2024. Depositions for the Dassa Defendants and the Kaloz Defendants have been noticed for July 1, 2024 and July 2, 2024; non-party depositions have been noticed for the following week.

    In light of the active settlement discussions, producing my clients for depositions, and the related expenses associated with those depositions, would prejudice the Datta Defendants and are likely to interfere with ongoing settlement negotiations.

4868-0896-4553, v. 1

Plaintiffs, as shown by their consent to the filing of the within letter motion, do not object to an extension of time for taking depositions. However, Plaintiffs will not adjourn the deposition dates without an extension of the discovery deadline, so that they can properly make post-deposition demands.

We am therefore requesting a conference with the Court to further discuss a potential extension of time, another solution that would accommodate the Parties' consent, or a reconsideration of the Court's denial of the prior request for an extension of time.

We thank the Court for its continuing attention to this matter, and for its consideration of this request.

Respectfully submitted,

**MANDELBAUM BARRETT PC**

_____
Michael S. Kivowitz

cc: All Counsel of Record (*via* ECF)

Having considered the new information raised herein, the Court directs the parties to proceed as set forth below.

In the immediate term, the parties are to continue focusing their efforts on settlement discussions. To the extent a settlement in principle is reached, then by **Tuesday, July 16, 2024**, the parties shall file a notice of settlement or other appropriate proof of termination of this matter.

Failing settlement by July 16, the parties will be afforded two additional weeks to conduct discovery: All fact discovery shall be completed **by no later than Friday, August 9, 2024** and all expert discovery shall be completed **by no later than Tuesday, September 24, 2024**. In addition, the parties shall file joint status reports on the following dates: **July 29, 2024; August 26, 2024**; and **September 30, 2024**. Each status report must address—with specificity—the progress of all outstanding discovery, including (1) the Datta Defendants' depositions; (2) the Dassa Defendants' depositions; (3) the Kaloz Defendants' depositions; (4) third-party depositions; (5) any outstanding subpoenas; and (6) all expert discovery, including expert depositions, the preparation and exchange of reports, and the production of underlying documents.

<u>**Under no circumstances will the fact and expert discovery deadlines—having already been appreciably extended upon the parties' prior applications—be further adjourned.**</u>  Failure to comply with these deadlines and other Court directives may result in sanctions, including the preclusion of evidence, claims, or defenses and/or dismissal of this action.

Finally, in light of the parties' "active" and "material settlement discussions," the Datta Defendants' motion to dismiss (ECF No. 34) and Plaintiffs' motion to stay and enjoin Defendants' collection proceedings (ECF No. 45) are hereby denied without prejudice to refiling if a settlement is not consummated.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Date: June 19, 2024

2